FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2019 APR -9 P 12 55

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

JEANNIE QUINTEROS,

   *Plaintiff*,

v.
                                        Civil Action No. 1:18-cv-01405-LO-JFA

BURLINGTON COAT FACTORY

and

ANGELA FAITH BUHITE,

   *Defendants*.

_____/

## MOTION FOR EXTENSION OF TIME TO APPEAR FOR INTIAL PRETRIAL CONFERENCE

COMES NOW, Plaintiff, Jeannie Quinteros, respectfully moves the Court for extension of time to appear for initial pretrial conference from April 17, 2019 to May 17, 2019 or any date after May 13, 2019, and hereby states as follows:

1) On November 12, 2018, Plaintiff entered into a retainer agreement with Stacie Reimer of Dhali & Reimer, PLLC. Please see EXHIBIT "A".

2) On or about January 15, 2019, Ms. Reimer called to inform Plaintiff that Dhali & Reimer, PLLC was dissolving and asked Plaintiff to follow her and sign a retainer with her newly formed firm, Reimer Law PLLC. Please see EXHIBIT "B".

3) Based on this information, on January 19, 2019, Plaintiff entered into a retainer agreement with Stacie Reimer of Reimer Law, PLLC. Please see EXHIBIT "C".

4) For reasons unknown to Plaintiff, Stacie Reimer of Reimer Law PLLC has not made appearance in her case.

5) Rather, on or about February 8, 2019 Ms. Reimer informed Plaintiff that she fell ill and did not have the capacity to continue representing Plaintiff. Through a series of calls, Ms. Reimer referred Plaintiff to alternate attorneys, including an attorney by the name of Chris Brown, whom she stated would contact Plaintiff and never did. In an automated email, Ms. Reimer, informed Plaintiff of sick leave. Please see EXHIBIT "D"

6) In light of these events, Plaintiff is conferring with Outten & Golden LLC and the ACLU. Counsel from Outten & Golden and the ACLU will require additional time beyond the initial pretrial conference scheduled April 17, 2019 to further investigate Plaintiff's case and finalize their retainers. At such time, Counsel from both Outten & Golden and the ACLU will file a notice of appearance. Please see Exhibit "E" (letter explaining Plaintiff's representation history).

**WHEREFORE**, Plaintiff respectfully request that the Court grant a 30-day extension of time to appear for the initial pretrial conference with representation of new counsel.

Dated: April 9, 2019

Jeannie Quinteros,
Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2019, a true and correct copy of the foregoing of MOTION FOR EXTENSION OF TIME TO APPEAR FOR INTIAL PRETRIAL CONFERENCE sent via regular U.S. Mail to counsel of record:

Jaclyn L. Hamlin, VA Bar No. 93121
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C. 20006
Tel: (202) 263-0277
Fax: (202) 887-0866
Email: jaclyn.hamlin@ogletreedeakins.com
**Counsel for Defendants**

EXHIBIT A



**dHALI & REIMER**
Employment and Civil Rights Law

www.dhalilaw.com

1828 L Street. Suite 600. NW
Washington D.C. 20036
T:(202) 556-1285
F: (202) 351-0518
Email: ajdhali@dhalilaw.com

## Retainer Agreement for Jeannie Quinteros

This Retainer Agreement ("Agreement") is entered into by and between Dhali & Reimer PLLC (hereinafter referred to as "Law Firm" or "Attorney") and JEANNIE QUINTEROS called "CLIENT". Client hires Law Firm to do the following legal work only: representation of her legal claims under Title VII, the American Disabilities Act, and state law tort claims against Burlington Coat Factory in a court of competent jurisdiction.

Law Firm is to represent Clients on a fee basis and on the following terms and conditions as set forth below:

**1. *Results not guaranteed*.** Every effort will be made to handle Clients matter promptly and efficiently according to the highest professional and ethical standards. However, Clients have been told, recognize and understand that Attorney has made NO GUARANTEE promising the success or outcome of this matter.

**2. *How fees and costs are paid.***

This matter is being handled on a contingency basis with no costs to the client. The law firm will however be entitled to one-third (33.333%) of any recovery or settlement between the Client and her employer. The law firm will also bill the employer Burlington Coat Factory per the current Laffey rate for its legal fees incurred in the representation of this case. The firm will be entitled to thirty-five percent (35%) of any settlement or recovery to the Client, in the event, the law firm has to cover any deposition or discovery fees.

**2a. *Fees to be Placed in an IOLTA Account Until Earned.***

Per D.C. Bar Rules of Professional Conduct, Rule 1.15, unless the legal fees has been earned, all legal fees obtained will be placed in an interest bearing attorney's trust account, also known as an IOLTA account. Monies placed in an IOLTA account can only be withdrawn by the law firm, once the law firm has provided the services under the agreement to the Clients, or expensed a set determinate number of hours so as to be entitled to the fee. In the present case, Law Firm will be entitled to the funds placed in the IOLTA account, when legal work commences in this case.

1

d H A L I PLLC.

### 3. *How client will be billed for other costs.*

(A) **COSTS**. Clients will be responsible for other court and legal costs in connection with Law Firm's representation of Clients under this agreement. Presently, this cost includes the court filing fees and mailing fees of approximately $500.

*Discovery Costs.* Where a deposition will be or has been scheduled, it is the Clients responsibility to first pay for the deposition fees, before the Firm will confirm or schedule the deposition. This will also be the case for all other discovery matters, including any fees to be incurred by the Firm, in its request for the production of documents, or the scheduling of any expert testimony. Any such monies obtained from the Clients will be placed in an IOLTA trust account and will be used to pay the discovery vendor, or expert, when such fees become due. The Law Firm may in its sole discretion also waive these costs as the case proceeds during discovery and trial.

**4. *Scope of representation.*** The scope of the project may be changed by written agreement between Client and the Law Firm. At the present moment, the representation is of Client's discrimination and state law tort claims arising from her employment with the Burlington Coat Factory and the two charges filed with the EEOC, Case Numbers 570-2018-02892 & 570-2018-03318.

If the representation of this matter needs to continue beyond the issues above, or external to the terms expressed here, or on other related legal matters, such as filing of an appeal or on other causes of action Law Firm and Clients will enter into a **separate retainer agreement** reflecting this arrangement.

### *4a. Tax Consequences of Settlement Award.*

In the event there is a settlement that is favorable to the Clients and Clients agree to accept the settlement amount, Clients needs to be aware of the tax consequences of the award. The Law Firm is not a tax firm and we are unable to advise Clients on any tax implications of any settlement award. Employment awards are generally taxable as income, and the Client is advised to speak with an accountant or a tax attorney before accepting any settlement awards arising from a claim as under the state and/or federal discrimination laws.

**4c. *Client's Discovery Obligation Not to Destroy & Alter Evidence:*** Client also understands that because this matter is now presently under litigation, Client has an obligation to preserve all evidence in this case, including the preservation of all paper and electronic documents (including emails, text messages, written journals, logs, spreadsheets, letters and other written materials) and any and all other evidence that is material and central to this case, and that at no time Client is to destroy, alter, amend, destruct or conceal any and all evidence pertinent to the prosecution and defense of the

d H A L I PLLC.

claim. Were Client to do so, a Court may dismiss the action or Order monetary sanctions in this case, for which Client maybe held solely responsible.

**5. *Making information available*.** During the duration of this matter, Client agrees to provide Law Firm with any information or documents that Law Firm deems useful or necessary for the representation. Client agrees to assist Law Firm in obtaining information and documents from any sources which Law Firm deems useful or necessary for the preparation and resolution of this matter. All such information or documents obtained will be at the Client's expense.

**6. *Keeping Client informed*.** Law Firm shall promptly comply with Client's reasonable requests for information regarding the status of this matter. Before Law Firm takes any action that may significantly affect Client or Client's activities, Law Firm shall consult with Client, and shall abide by Client's decisions with respect to the objectives of the representation, subject to Law Firm's ethical and legal obligations and professional judgment.

**7. *Keeping Attorney informed*.** Client understands her responsibility to cooperate with Law Firm in order to be effectively and efficiently represented by Law Firm during the duration of this matter. Client agrees to provide Law Firm with any necessary information, including any change in her contact(s), address or telephone numbers, and any significant change in the income or assets of Client.

**8. *Withdrawal of representation*.** Pursuant to the D.C. rules of professional conduct and responsibility, Law Firm may withdraw from representation of the Client, after taking reasonable steps to avoid prejudice to the rights of the Client, including first giving the Client notice of intention to withdraw. The Law Firm may withdraw if in its judgment:

a. The Client does not cooperate with the Law Firm or, by the Client's conduct, makes it unreasonably difficult for the Law Firm to carry out the representation effectively or efficiently; or
b. The Client insists that the Law Firm engage in conduct that is contrary to the judgment and advice of the Attorney or is contrary to law; or
c. Continued representation of the Client would result in a violation of the rules of ethics and professional responsibility then applicable in the jurisdiction of Attorney's practice; or,
d. There is other good cause under applicable law or ethical rules to justify withdrawal.

Note: In the event there is a withdrawal of representation by the attorney, and the attorney needs to file a Motion of Withdrawal with the applicable tribunal where the case is pending, Client by signing below voluntarily consents to have the attorney provide in its Motion to Withdraw, limited disclosures to collect fees only, to the minimum extent necessary. This consent may also apply where the attorney has been discharged by the

3

d H A L I PLLC.

<u>Client, a balance of legal fees is due, and the law firm needs to file a Complaint for the collection of the legal fees.</u>

**9. *Discharge of attorney & balance of fees due immediately.*** The Client shall have the right to discharge the Law Firm at any time with or without cause. In the event of any such action, the Client shall so notify the Law Firm in writing, and the Law Firm will deliver to the Client all papers and property belonging to the Client by electronic means or via email. If there is any payment or balance that is due to the Law Firm incurred during the representation of the Client, including but not limited to any attorney fees that the Law Firm maybe entitled to from the final settlement under district, state or federal law, or any other fee shifting or attorney's fees statute from the employer, such payment or balance will be promptly and fully made, no later than ten (10) calendar days after the termination of the attorney-client relationship. The firm also has a lien on 1/3 of any settlement reached between the Client and the employer in this case. The firm will not be entitled to a 1/3 lien, if the Client discharges the firm for breach of the attorney's obligations under the Rules of Professional Responsibility.

**10. *Client's representation.*** The Client authorizes the law firm to speak on her behalf within the scope of this representation, according to the Rules of Professional Responsibility.

**11. *Client's right to talk to another attorney before signing Agreement.*** The Client understands that Client has the right to talk to another lawyer before signing this Agreement and that the Client has been given sufficient time to discuss this matter with another attorney. The Client agrees that no legal work will be performed by Attorney until this Agreement is signed by the Client.

**12. *Disagreements on retainer.*** Any disagreements on any of the terms under this retainer/agreement that the Client has with the Law Firm, including but not limited to: payment of fees and quality of services provided in this action, including any claims for negligence, will first be discussed both orally and in writing with the Law Firm, so as to amicably resolve this matter. If the matter cannot be resolved, parties agree to mediation under D.C. Law. The mediation shall take place telephonically. The cost of mediation shall be shared equally by the parties to this Agreement. In the event the parties are unable to resolve their disputes by mediation, the matter shall be submitted for binding arbitration in Washington D.C., before one arbitrator selected according to and applying the rules of the American Arbitration Association (AAA). The arbitrator shall allow for proceedings to take place telephonically or by video conference to the extent the arbitrator deems feasible. The cost of the arbitration shall also be shared equally. A judgment shall be rendered upon the award made pursuant to such submission by any Washington D.C., court with jurisdiction. No termination or expiration of this agreement shall affect the right and obligation to arbitrate all disputes.

**13. *Rule of law.*** This Agreement is governed by Washington D.C. Law. Venue will also be in Washington D.C.

4

d H A L I PLLC.

**14. *Calendar days*.** Unless noted otherwise, all dates and deadlines discussed in the retainer agreement are in calendar days.

**15. *Severability and Interpretation*.** If any provision of this Agreement shall be held or deemed to be invalid, inoperative or unenforceable, such circumstance shall not render the remainder of it invalid, inoperative or unenforceable, and this Agreement shall be reformed so that it is enforceable to the maximum extent permitted by law. The parties also agree that this Agreement shall not be construed against any party on account of authorship.

**16. Edgar Ndjatou: Back Up Attorney Contact Information.** Dhali & Reimer PLLC is a small law firm. The law firm has however partnered with secondary counsel to oversee its legal matters in the event of death or incapacitation of the principal attorneys A.J Dhali and Stacie Reimer of Dhali & Reimer PLLC. In such an event, and after Client has been unable to contact the undersigned attorney for a period of more than 10 calendar days, Client is to contact Edgar Ndjatou, Esq, who will serve as the backup attorney in this case. Mr. Ndjatou's contact information is on the firm website or www.dhalilaw.com, under Attorney Profiles. Mr. Ndjatou's telephone number is: (646) 670-8696; his email address is: endjatou@mnlawyerspllc.com

**17. *Marketing*.** By signing below, Client agrees that the law firm may use the facts of the publicly filed legal action against the employer for any of the firms promotional and marketing materials, including but not limited to, highlighting the case facts on any social media, blogs, law firm webpage, internet or any other method of public communication. If the client does not consent to this practice, please state so by checking off the box below. If the box is not checked off, we will assume that permission was freely granted.

x I DO NOT consent to the use of my name or case facts for the law firms marketing purposes.

**18. *Complete Agreement*.** This Agreement contains the complete Agreement between the parties and the terms hereof are contractual and not a mere recital. The Client understands that there are to be no additions, strike outs, changes or waivers of any kind whatsoever to this Agreement, unless the change is in writing and signed by both the Law Firm and the Client, and identified as an Amendment to this Agreement. The Client has been provided with sufficient time to review this Agreement. The Agreement may be executed in counterpart.

By signing below, Client and Law Firm consent and agree to the terms and conditions contained herein. A fully executed copy of this Agreement has also been provided to the Client. This agreement is deemed effective at the time of the signing by the parties below.

**Permission to Use Electronic Communications and Cloud Servers**

5

d H A L I PLLC.

It is our practice use electronic mail, including the use of online commercial email services that store information on their servers, for attorney-client communications. It is also our practice to send and receive documents via email and other document transmission technologies storing information in the "cloud" including, among others, Skydrive and Yousendit.com. We do this even though we understand that this may heighten the risk of inadvertent or unintended disclosures or other adverse consequences occurring. By signing below you

a) consent to the use of email and cloud storage services because of their efficiency and convenience, and
b) acknowledge that you are aware of and accept the risks of any adverse consequences, which could include the disclosure of confidential and/or secret information and the loss of attorney-client privilege.

If you do not agree to this common practice we will abide by any instructions you may give us, but in the absence of such instructions, we will use our own judgment regarding the advisability of using such means of communication.

Copies of this retainer are to be treated as originals.

/s/A.J Dhali, Esq, Principal
Date: November 12, 2018

Jeannie Quinteros, Client.
814 Twkesbury Place. NW.
Washington DC 20012
Email: jnnquinteros@gmail.com
Tel: 305-409-6254
Date: November ( 7 2018.

6