EXHIBIT "B"

# Reimer Law PLLC  Employment and Civil Rights Law

1629 K St. NW, Suite 300
Washington, DC 20006
T:(202) 603-0957
staciereimer@reimerlawpllc.com
www.reimerlawpllc.com

## Retainer Agreement for Jeannie Quinteros

This Retainer Agreement ("Agreement") is entered into by and between Reimer Law PLLC (hereinafter referred to as "Law Firm" or "Attorney") and JEANNIE QUINTEROS called "CLIENT". Client hires Law Firm to do the following legal work only: representation of client's discrimination claims with her employer the Burlington Coat Factory (BCF) by (i) writing a demand letter to BCF and (ii) by representing her claims at the EEOC.

Law Firm is to represent Client on a contingency fee basis and on the following terms and conditions as set forth below:

**1. *Results not guaranteed.*** Every effort will be made to handle Client's matter promptly and efficiently according to the highest professional and ethical standards. However, Client has been told, recognizes and understands that Attorney has made NO GUARANTEE promising the success or outcome of this matter.

**2. *How fees and costs are paid.***

This matter is being represented on a contingency fee basis with no costs to the client. The law firm will however be entitled to one-third (33.333%) of any recovery or settlement between the Client and her employer.

***How client will be billed for other costs: Court Filing Fees & Discovery Costs.***

These costs are not being anticipated for the present moment.

**3. *Scope of representation.*** The scope of the project may be changed by written agreement between Client and the Law Firm. At the present moment, the representation is of Client's discrimination claim with the U.S EEOC, and by writing a demand letter for EEOC Charge Number 570-2018-02892 to her employer.

If the representation of this matter needs to continue beyond resolution of the terms expressed here, or on other related legal matters such as filing of a complaint in Court, and/or discovery and trial with the appropriate Court, Law Firm and Client will enter into a **separate retainer agreement** reflecting this arrangement.

1

**4. *Client's Discovery Obligation Not to Destroy Alter Evidence:*** Client also understands that because this matter is now presently under litigation, Client has an obligation to preserve all evidence in this case, including the preservation of all paper and electronic documents (including emails, text messages, written journals, logs, spreadsheets, letters and other written materials) and any and all other evidence that is material and central to this case, and that at no time Client is to destroy, alter, amend, destruct or conceal any and all evidence pertinent to the prosecution and defense of the claim. Were Client to do so, a Court may dismiss the action or Order monetary sanctions in this case, for which Client maybe held solely responsible.

**5. *Making information available.*** During the duration of this matter, Client agrees to provide Law Firm with any information or documents that Law Firm deems useful or necessary for the representation. Client agrees to assist Law Firm in obtaining information and documents from any sources which Law Firm deems useful or necessary for the preparation and resolution of this matter. All such information or documents obtained will be at the Client's expense.

**6. *Keeping Client informed.*** Law Firm shall promptly comply with Client's reasonable requests for information regarding the status of this matter. Before Law Firm takes any action that may significantly affect Client or Client's activities, Law Firm shall consult with Client, and shall abide by Client's decisions with respect to the objectives of the representation, subject to Law Firm's ethical and legal obligations and professional judgment.

**7. *Keeping Attorney informed.*** Client understands her responsibility to cooperate with Law Firm in order to be effectively and efficiently represented by Law Firm during the duration of this matter. Client agrees to provide Law Firm with any necessary information, including any change in her contact(s), address or telephone numbers, and any significant change in the income or assets of Client.

**8. *Withdrawal of representation.*** Pursuant to the D.C. rules of professional conduct and responsibility, Law Firm may withdraw from representation of the Client, after taking reasonable steps to avoid prejudice to the rights of the Client, including first giving the Client notice of intention to withdraw. The Law Firm may withdraw if in its judgment:

a. The Client does not cooperate with the Law Firm or, by the Client's conduct, makes it unreasonably difficult for the Law Firm to carry out the representation effectively or efficiently; or
b. The Client insists that the Law Firm engage in conduct that is contrary to the judgment and advice of the Attorney or is contrary to law; or
c. Continued representation of the Client would result in a violation of the rules of ethics

and professional responsibility then applicable in the jurisdiction of Attorney's practice; or,
d. There is other good cause under applicable law or ethical rules to justify withdrawal.

Note: In the event there is a withdrawal of representation by the attorney, and the attorney needs to file a Motion of Withdrawal with the applicable tribunal where the case is pending, Client by signing below voluntarily consents to have the attorney provide in its Motion to Withdraw, limited disclosures to collect fees only, to the minimum extent necessary. This consent may also apply where the attorney has been discharged by the Client, a balance of legal fees is due, and the law firm needs to file a Complaint for the collection of the legal fees.

**9. *Discharge of attorney & balance of fees due immediately.*** The Client shall have the right to discharge the Law Firm at any time with or without cause. In the event of any such action, the Client shall so notify the Law Firm in writing, and the Law Firm will deliver to the Client all papers and property belonging to the Client by electronic means or via email. If there is any payment or balance that is due to the Law Firm incurred during the representation of the Client, including but not limited to any attorney fees that the Law Firm maybe entitled to from the final settlement under district, state or federal law, or any other fee shifting or attorney's fees statute from the employer, such payment or balance will be promptly and fully made, no later than ten (10) calendar days after the termination of the attorney-client relationship. The firm also has a lien on 1/3 of any settlement reached as between the Client and the employer.

**10. *Client's representation.*** The Client represents that all past, current and future communications, representations and authorizations made by the Client in connection with this legal matter is duly consented to and authorized by the Client. The Client hereby certifies that all communications and authorizations contained in this Agreement are fully authorized by the Client and agrees that the Law Firm will represent the Client on the terms set forth above.

**11. *Client's right to talk to another attorney before signing Agreement.*** The Client understands that Client has the right to talk to another lawyer before signing this
Agreement and that the Client has been given sufficient time to discuss this matter with another attorney. The Client agrees that no legal work will be performed by Attorney until this Agreement is signed by the Client.

**12. *Disagreements on retainer.*** Any disagreements on any of the terms under this retainer/agreement that the Client has with the Law Firm, including but not limited to: payment of fees and quality of services provided, will first be discussed both orally and in writing with the Law Firm, so as to amicably resolve this matter. If the matter cannot be resolved, parties agree to mediation under D.C. Law. The mediation shall take place

3

telephonically. The cost of mediation shall be shared equally by the parties to this Agreement. In the event the parties are unable to resolve their disputes by mediation, the matter shall be submitted for binding arbitration in Washington D.C., before one arbitrator selected according to and applying the rules of the American Arbitration Association. The arbitrator shall allow for proceedings to take place telephonically or by video conference to the extent the arbitrator deems feasible. The cost of the arbitration shall also be shared equally. A judgment shall be rendered upon the award made pursuant to such submission by any Washington D.C., court with jurisdiction. No termination or expiration of this agreement shall affect the right and obligation to arbitrate all disputes.

***The law firm may however in its discretion commence legal action against the client immediately, where there is a balance of fees due and owed to the law firm in this matter, without first resorting to arbitration or mediation.***

13. *Rule of law.* This Agreement is governed by Washington D.C. Law. Venue will also be in Washington D.C.

14. *Calendar days.* Unless noted otherwise, all dates and deadlines discussed in the retainer agreement are in calendar days.

15. *Severability and Interpretation.* If any provision of this Agreement shall be held or deemed to be invalid, inoperative or unenforceable, such circumstance shall not render the remainder of it invalid, inoperative or unenforceable, and this Agreement shall be reformed so that it is enforceable to the maximum extent permitted by law. The parties also agree that this Agreement shall not be construed against any party on account of authorship.

16. *Marketing.* By signing below, Client agrees that the law firm may use the facts of the publicly filed legal action against the employer for any of the firms promotional and marketing materials, including but not limited to, highlighting the case facts on any social media, blogs, law firm webpage, internet or any other method of public communication. If the client does not consent to this practice, please state so by checking off the box below. If the box is not checked off, we will assume that permission was freely granted.
☐ I DO NOT consent to the use of my name or case facts for the law firms marketing purposes.

17. *Complete Agreement.* This Agreement contains the complete Agreement between the parties and the terms hereof are contractual and not a mere recital. The Client understands that there are to be no additions, strike outs, changes or waivers of any kind whatsoever to this Agreement, unless the change is in writing and signed by both the Law Firm and the Client, and identified as

4

an Amendment to this Agreement. The Client has been provided with sufficient time to review this Agreement. The Agreement may be executed in counterpart.

By signing below, Client and Law Firm consent and agree to the terms and conditions contained herein. A fully executed copy of this Agreement has also been provided to the Client. This agreement is deemed effective at the time of the signing by the parties below.

**Permission to Use Electronic Communications and Cloud Servers**
It is our practice use electronic mail, including the use of online commercial email services that store information on their servers, for attorney-client communications. It is also our practice to send and receive documents via email and other document transmission technologies storing information in the "cloud" including, among others, Skydrive and Yousendit.com. We do this even though we understand that this may heighten the risk of inadvertent or unintended disclosures or other adverse consequences occurring. By signing below you

a) consent to the use of email and cloud storage services because of their efficiency and convenience, and
b) acknowledge that you are aware of and accept the risks of any adverse consequences, which could include the disclosure of confidential and/or secret information and the loss of attorney-client privilege.

If you do not agree to this common practice we will abide by any instructions you may give us, but in the absence of such instructions, we will use our own judgment regarding the advisability of using such means of communication.

Copies of this retainer are to be treated as originals.

/s/
Date:

Jeannie Quinteros
814 Twkesbury Place. NW.
Washington DC 20012
Email: jnnquinteros@gmail.com
Tel_____

5