UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JEANNIE QUINTEROS,<br><br>*Plaintiff*,<br><br>v.<br><br>BURLINGTON COAT FACTORY<br><br>AND<br><br>ANGELA FAITH BUHITE,<br><br>*Defendants*. | Case No. 1:18-cv-01405-LO-JFA |

## JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

Plaintiff Jeannie Quinteros and Defendants Burlington Coat Factory Warehouse Corporation ("Burlington"), incorrectly identified in the Complaint as "Burlington Coat Factory", and Angela Faith Buhite ("Buhite") (collectively referred to herein as "the parties"), by and through their undersigned counsel, have conferred regarding the matters addressed in Rule 26(f) and report to the Court as follows.

In accordance with Federal Rule of Civil Procedure 26(f) and this Court's Order dated April 11, 2019, the parties hereby submit their proposed discovery plan.

1. **RULE 26(F) CONFERENCE**: The parties have conferred by email and telephone pursuant to Rule 26(f) to agree to this discovery plan.

2. **INITIAL DISCLOSURES**: The parties will exchange the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before **May 22, 2019**.

3. **FACT DISCOVERY**: The parties intend to conduct fact and expert discovery on the events and issues alleged in the Complaint and on the subject of damages. Pursuant to the Court's

Order of March 14, 2019, discovery will close on or before **August 9, 2019**. The parties do not presently believe there is any need to conduct an additional period for discovery solely on damages.

4. **EXPERT DISCOVERY**: The parties agree that Plaintiff's expert disclosures, if any, shall be made on or before **June 17, 2019**, and that Defendant's expert disclosures shall be made on or before **July 10, 2019**, in accordance with the deadlines set forth in the Federal Rules of Civil Procedure and the Local Civil Rules for the U.S. District Court for the Eastern District of Virginia.

5. **DISCOVERY LIMITATIONS**: The parties agree that they shall comply with the standard discovery limitations set forth in the Federal Rules of Civil Procedure and as specified in the Court's Order of March 14, 2019. However, the parties also reserve their rights to seek leave from the Court to modify the Court's discovery orders as the need may arise.

   a. Depositions: Each deposition shall not exceed one day of seven (7) hours. The parties will make reasonable efforts to agree on dates for any depositions convenient to the deponent, counsel and the parties. Plaintiff reserves her right to seek leave from the Court for depositions in excess of five (5), if necessary.

   b. Document Subpoenas: If any documents are received from third parties pursuant to subpoena, the receiving party shall alert the remaining parties to its receipt of such documents within five (5) business days of receipt and shall make the received documents available for inspection and copying.

6. **PRODUCTION OF ELECTRONIC FILES AND DATA AND OTHER DISCOVERABLE MATERIALS:**

   a. The parties may request, in their document requests and other written discovery, that information stored in electronic form be produced in electronic form pursuant to the requirements and conditions described in Fed. R. Civ. P. 34. The parties are continuing to discuss

the production of Electronically Stored Information ("ESI"), and will seek the Court's assistance with this issue, if necessary.

  b. Defendant proposes that absent an instruction to the contrary by a party seeking discovery, any requested information shall be produced in the standard hard-copy format or in a format that is reasonably accessible by the receiving party.

  c. Defendant proposes that absent an agreement of the parties, a party shall have no obligation to transfer information that is not stored in an electronic format into an electronic format for purposes of discovery.

  d. Defendant proposes that disclosure or production of electronically stored information will be limited to data reasonably available to the parties in the ordinary course of business.  Defendant proposes that that requests for electronically stored information shall be subject to reasonable limitations on custodians and date restrictions, and that a party requesting discovery of electronically stored information shall have the duty to propose search terms and to confer regarding appropriate limitations on the search terms requested for each custodian.

  e. The parties have discussed issues relating to the preservation of discoverable information and have taken steps to ensure such information is being preserved.

7. **ASSERTION OF PRIVILEGES AND PROTECTIONS OF TRIAL PREPARATION MATERIALS:**

  a. Assertion of Privilege or Protections of Trial Preparation Materials:  Any party that withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material shall:  (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected,

will enable other parties to assess the claim. Assertions of privilege shall not be required for documents, communications or tangible things generated after the commencement of this action.

   b.  Inadvertent Productions: The inadvertent production of documents or information which the producing party contends is privileged or protected shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

8.  **CONFIDENTIAL INFORMATION**: The parties will seek an Order of the Court protecting the exchange in discovery of confidential, proprietary, medical or personnel information.

9.  **SETTLEMENT**: The parties are open to settlement discussions, but believe that a settlement conference would not be fruitful until some discovery is conducted. The parties may request assignment to a Magistrate Judge for a settlement conference at a later date in the proceedings. Plaintiff has indicated that she intends to provide Defendant with a settlement demand, which Defendant will consider upon receipt.

10. **COMPLETION OF DISCOVERY**: Pursuant to the Court's Order of March 14, 2019, discovery shall be concluded on or before **August 9, 2019**.

11. **TRIAL PREPARATION**: The parties will comply with the Federal Rules of Civil Procedure and any Orders of this Court in submitting their witness lists, exhibits for trial, and any objections to exhibits for trial.

12. **TRIAL BEFORE MAGISTRATE**: Defendants do not consent to the trial of this matter by a United States Magistrate Judge.

Dated: May 8, 2019                                       Respectfully submitted,

*/s/ Jeannie Quinteros (with permission)*               */s/ Jaclyn L. Hamlin*
Jeannie Quinteros                                        Jaclyn L. Hamlin, VA Bar No. 93121
814 Tewkesbury Pl., N.W.                                 James J. Murphy, *admitted pro hac vice*
Washington, D.C. 20012                                   OGLETREE, DEAKINS, NASH
info.jeajazz@gmail.com                                     SMOAK & STEWART, P.C.
                                                         1909 K Street, N.W., Suite 1000
*Plaintiff*                                              Washington, D.C.  20006
                                                         Tel.:  (202) 887-0855
                                                         Fax:  (202) 887-0866
                                                         jaclyn.hamlin@ogletreedeakins.com
                                                         james.murphy@ogletreedeakins.com

                                                         ***Counsel for the Defendants,***
                                                         ***Burlington, Inc. and Angela Buhite***

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 8, 2019, a copy of the foregoing was filed with the Court's ECF system and sent via U.S. Mail, First Class prepaid, to the following:

Jeannie Quinteros
814 Tewkesbury Pl., N.W.
Washington, D.C. 20012
info.jeajazz@gmail.com

*Plaintiff*

      Per the request of Plaintiff, courtesy copies of the foregoing document have been sent via electronic mail to:

| | |
|---|---|
| Melissa Pierre-Louis<br>Mikael Rojas<br>OUTTEN & GOLDEN, P.C. [1]<br>601 Massachusetts Avenue, N.W.<br>Suite 200W<br>Washington, D.C. 20001<br>mrojas@outtengolden.com<br>mpierrelouis@outtengolden.com | Galen Sherwin<br>Jennesa Calvo-Friedman<br>Lindsey Kaley<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>(212) 549-2500<br>gsherwin@aclu.org<br>jcalvo-friedman@aclu.org<br>lkaley@aclu.org |

                                            */s/* Jaclyn L. Hamlin
                                            Jaclyn L. Hamlin, VA Bar No. 93121
                                            OGLETREE, DEAKINS, NASH
                                             SMOAK & STEWART, P.C.
                                            1909 K Street, N.W., Suite 1000
                                            Washington, D.C.  20006
                                            Tel.:  (202) 887-0855
                                            Fax:  (202) 887-0866
                                            jaclyn.hamlin@ogletreedeakins.com

---

[1] Per the D.C. Rules of Professional Conduct, Ms. Pierre-Louis and Mr. Rojas note that while their applications to the D.C. Bar are pending, they are being supervised by members of the D.C. Bar.